```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

LILIAN HOLTON, on behalf of
herself and all similarly -
situated individuals,

    Plaintiff,

v.                                Case No. 8:14-cv-2703-T-33AEP

CAJUN OPERATING COMPANY,
d/b/a CHURCH'S FRIED CHICKEN,

    Defendant.
_____/

### ORDER

This cause comes before the Court pursuant to Plaintiff Lilian Holton's Motion for Class Certification (Doc. # 3), filed on October 27, 2014. For the following reasons, the Motion is denied without prejudice.

### I. Background

On October 27, 2014, Holton filed her class action Complaint alleging that Defendant Cajun Operating Company d/b/a Church's Fried Chicken violated the terms of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(B)(2)(A)(i)-(ii). (See Doc. # 1). Holton explains that Defendant procured consumer reports on Holton and other putative class members for employment purposes, without first making proper

disclosures in the format required by the statute. (Id. at 2). Holton alleges that:

> [U]nder this subsection of the FCRA, Defendant is required to disclose to its employees – in a document that consists solely of the disclosure – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. Defendant willfully violated this requirement by failing to provide [Holton] with a copy of the document that consists solely of the disclosure that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. This practice violates longstanding regulatory guidance from the Federal Trade Commission (FTC).

(Id.).

In the Complaint, Holton proposes that this case should proceed as a class action, pursuant to Fed. R. Civ. P. 23, with the "Background Check Class" consisting of all employees or prospective employees of Defendant in the United States who were the subject of a consumer report that was procured by Defendant (or that Defendant caused to be procured) on or after October 20, 2009. (Id. at 3).

Holton filed the present Motion on October 27, 2014. (See Doc. # 3). Defendant first appeared in this action on November 17, 2014. (See Doc. # 6). Defendant filed a Motion to Dismiss on December 4, 2014. (Doc. # 12). On the same day, Defendant filed an Unopposed Motion to Stay Deadline to

2

Respond to Plaintiff's Motion for Class Certification. (Doc. # 13). This Court granted that Motion and stated that "once the Court enters an Order on the Motion to Dismiss, Defendant shall then have seven days from the date of the Order to file an appropriate response to the Motion for Class Certification." (Doc. # 14).

The Court conducted a case management hearing on December 16, 2014, where Holton's counsel represented to the Court that an Amended Complaint was forthcoming. (See Doc. # 15). On December 18, 2014, Holton filed her Amended Complaint (Doc. # 17), and this Court denied as moot the Motion to Dismiss (Doc. # 18).

**II. Discussion**

Pursuant to Local Rule 4.04 (b):

> (b) **Within ninety (90) days following the filing of the initial complaint in such an action**, unless the time is extended by the Court for cause shown, **the named plaintiff or plaintiffs shall move for a determination under Rule 23(c)(1) as to whether the case is to be maintained as a class action.** The motion shall be supported by a memorandum as required by Rule 3.01(a) of these rules; and, in addition to a showing of the prerequisites as required by subsection (a) of this rule, the motion shall contain a detailed description or definition of the class (and sub-classes, if any), and the number of persons in the class. If a determination is sought that the action shall be maintained under

3

> Rule 23(b)(3), the motion shall also suggest a means of providing, and defraying the cost of, the notice required by Rule 23(c)(2), Fed. R. Civ. P. If discovery relating to class action issues is needed, the parties may move the Court for leave to take such discovery prior to the case management meeting.

Local Rule 4.04(b), M.D. Fla. (emphasis added). Holton initiated this action on October 27, 2014 (Doc. # 1), and simultaneously filed the present Motion (Doc. # 3). Upon review of the Motion, the Court finds that it satisfies the requirements set forth in Local Rule 4.04(b), as it, among other things, discusses the appropriateness of this action proceeding as a class action pursuant to Fed. R. Civ. P. 23. Without addressing the merits of the Motion, the Court finds that Holton has satisfied her burden of complying with Local Rule 4.04(b) and has insulated herself from a "pick off" offer of judgment from Defendant.

This case is in its infancy. Holton has just filed an Amended Complaint and the parties have just been permitted to begin discovery in accordance with the case management and scheduling order filed on December 16, 2014. (Doc. # 16). As the parties have been unable to conduct discovery in this action and based upon the representations of Holton's counsel at the case management hearing regarding discovery affecting

4

the Motion to Certify Class, the Motion is denied without prejudice. This Court finds that addressing the merits of the Motion at this juncture would be superfluous as the parties have not had the opportunity to develop the factual and legal issues of this case. However, this does not allow Holton an unlimited amount of time to refile this Motion. The Court grants Holton until and including **March 30, 2015**, to file an amended motion for class certification.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Lilian Holton's Motion for Class Certification (Doc. # 3) is **DENIED WITHOUT PREJUDICE.**

(2) Holton has until and including **March 30, 2015**, to file an amended motion for class certification.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of December, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel of Record

5